UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN R. DEMOS,

        Plaintiff,

  v.

JULIE MARTIN, et al.,

        Defendants.

Case No. C21-5679-RSL-SKV

REPORT AND RECOMMENDATION

Plaintiff John R. Demos, a bar-order litigant, presents to this Court for filing an application to proceed *in forma pauperis*, Dkt. 1 at 15, and a 42 U.S.C. § 1983 civil rights complaint, Dkt. 1. Plaintiff alleges cruel and unusual punishment in violation of the Eighth Amendment through inhumane living conditions leading to the potential for infection with Covid-19. He names as defendants Julie Martin, Secretary of the Washington Department of Corrections, King County Prosecutor Daniel Satterberg, and Governor Jay Inslee. Plaintiff alleges Defendants failed to adequately train, supervise, and govern their subordinates, thereby placing him in imminent danger due to exposure to Covid-19. Plaintiff also attaches to his pleading an "Application for Leave to File Second or Successive Petition Under 28 U.S.C. §

REPORT AND RECOMMENDATION - 1

2254 or Motion Under 28 U.S.C. § 2255", a document associated with his underlying conviction and addressing the Ninth Circuit Court of Appeals. *Id*. at 17-24.

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In this Court, Plaintiff is permitted to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, No. C91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). *See also Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997) (providing for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee). Plaintiff must also, under 28 U.S.C. § 1915(g), demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff here asserts imminent danger. However, even assuming his assertion constitutes a "plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing[,]" *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted), Plaintiff has already reached his yearly filing limit. *See, e.g.*, *Demos v. Pence, et al.*, No. C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et al.*, No. C21-110-RAJ (W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D. Wash.). He is therefore precluded from proceeding IFP in this action.

REPORT AND RECOMMENDATION - 2

Nor does it seem likely this action would proceed even if Plaintiff had paid the filing fee. For instance, a plaintiff in a § 1983 action must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint, *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981), and may not hold supervisory personnel liable for actions of subordinates under a theory of vicarious liability, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (quoted source omitted). A plaintiff must also provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). Pursuant to 28 U.S.C. § 1915A, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011).

Plaintiff here raises broad and conclusory allegations of a failure to train and supervise without providing any specific, plausible facts to support the allegations or identifying a sufficient causal connection between the named defendants and the constitutional violation alleged. Plaintiff also appears to simultaneously and improperly seek habeas relief in this action and with documents addressed to the Ninth Circuit.

REPORT AND RECOMMENDATION - 3

1    The Court, for all of the reasons set forth above, recommends plaintiff's IFP application be DENIED and this action be DISMISSED without prejudice.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 15, 2021.**

Dated this 17th day of September, 2021.

S. KATE VAUGHAN
United States Magistrate Judge